IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CAROLINA FARM CREDIT, ACA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | 1:18CV118 |
| | ) | |
| | ) | |
| WILEY WALTER SHORE and SHELBY | ) | |
| JEAN MATTHEWS SHORE, | ) | |
| | ) | |
| Appellees. | ) | |

**ORDER**

Appellant Carolina Farm Credit, ACA ("CFC") appeals, pursuant to 28 U.S.C. § 158(a)(1), the February 6, 2018 Order ("the Order") entered by the United States Bankruptcy Court for the Middle District of North Carolina ("Bankruptcy Court"). (ECF No. 1; ECF No. 10 at 8.) The Order sustained objections made by Appellees Wiley Walter Shore and Shelby Jean Shore ("Debtors") to CFC's Claims 6 and 7 involving attorneys' fees. (ECF No. 1.) Also, before the Court is CFC's Motion to Strike Supplemental Brief of Appellees. (ECF No. 28.) Because this Court concludes that the Order is not a final order under 28 U.S.C. § 158(a)(1), nor has Appellant sought or been granted leave to file pursuant to 28 U.S.C. § 158(a)(3), this Court lacks jurisdiction to hear this appeal. Further, CFC's Motion to Strike will be denied without prejudice.

On April 27, 2017, Debtors filed a petition for relief under Chapter 12 of the Bankruptcy Code. (ECF No. 7-5.) During the proceedings, CFC submitted two secured

claims[1] totaling $1,392,576.97, of which $181,682.51 constituted attorneys' fees. (ECF No. 7-4 at 2–3.) The attorneys' fees were calculated as 15% of the principal and interest balance of the claims as of the petition date. (*Id.* at 2.) The promissory notes on which these claims were based each provide that CFC would be allowed to "recover all costs and expenses, including attorneys' fees and legal expenses reasonably incurred in connection herewith." (*Id.*) Debtors objected to CFC's claims for attorneys' fees, arguing that the "excessive amount [of attorneys' fees] is not based on reasonable and actual attorneys' fees, but rather strict application of a per se 15% calculation," which Debtors argue is "not proper." (ECF No. 7-17 ¶ 4; ECF No. 7-18 ¶ 4.)

The Order, which is the subject of this appeal, states that the issue before the bankruptcy court is "whether the court is mandated by N.C. Gen. Stat. § 6-21.2(2) to allow a total of $181,682.31 as attorneys' fees as part of CFC's secured claims, or may the court determine reasonable attorneys' fees based on a review of evidence such as affidavits and itemized time entries[.]" (ECF No. 7-4 at 6.) To address this issue, the bankruptcy court first recognized that the "[c]ases that discuss N.C. Gen. Stat. § 6-21.2(2) reflect that the law is unclear." (*Id.*) The court then engaged in a detailed review of the case law discussing N.C. Gen. Stat. § 6-21.2(2) and whether that statutory provision functions as a mandate or a cap for attorneys' fees under North Carolina law. (*Id.* at 6–13.) The Court concluded its discussion of § 6-21.2(2) stating, "[b]ased on the very real question of whether a 15% attorneys' fee is mandated as part of CFC's prepetition claims or simply a cap, this court declines to recognize the aggregate fees of $181,682.51 without supporting documentation as the attorneys' fee

---

[1] CFC submitted a third claim as well, which is not at issue in this appeal. (*See* ECF No. 7-4 at 3.)

component of CFC's claims . . . in the Debtors' case."[2] (*Id.* at 13.) The bankruptcy court next addressed Debtor's argument that "even if 15% attorneys' fees are a mandate under North Carolina law, . . . CFC's claim for prepetition attorneys' fees are subject to a reasonableness review under § 506(b) of the Bankruptcy Code." (*Id.*) Once again, the bankruptcy court acknowledged disagreement among courts, this time concerning whether a secured creditor's prepetition claim for attorney's fees is reviewable by a bankruptcy court under § 506(b) of the Bankruptcy Code. (*Id.* at 14–17.) On this issue the bankruptcy court stated the following: "this court will follow the precedent of the district court and the practice of the bankruptcy courts in the Middle District of North Carolina and review all [pre-petition and post-petition] attorneys' fees in oversecured creditors' claims for reasonableness under the Fourth Circuit standards." (*Id.* at 17–18.) The bankruptcy court then sustained the Debtors' objections and ordered CFC "to file its Application for Attorneys' Fees in connection with this case within 14 days of entry of this order." (*Id.* at 18.)

Rather than file its Application for Attorneys' Fees prior to the deadline set forth in the Order, CFC filed this appeal. (ECF No. 1; *see* ECF No. 15 at 17.) The parties each assert that this Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) in that the appeal is from "a final order of the Bankruptcy Court," (ECF No. 10 at 8; ECF No. 15 at 7.) This Court disagrees.

---

[2] This Court notes that although the bankruptcy court did not expressly answer the question whether N.C. Gen Stat. § 6-21.2(2) mandates a 15% attorneys' fee or is merely a cap, both parties assert that the Bankruptcy Court "determin[ed]" or "rul[ed]" that N.C. Gen. Stat. § 6-21.2(2) serves as a cap of 15%, rather than a mandate. (ECF No. 10 at 8; ECF No. 15 at 8.)

3

Before considering the merits of issues argued in this appeal, this Court must first determine whether it has jurisdiction to hear the appeal. *See Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 635 (4th Cir. 2002) ("[W]hen our appellate jurisdiction is in doubt, we must *sua sponte* raise and address the matter."); *Howes v. Wells Fargo Bank, N.A.*, Civ. A. No. ELH-14-2814, 2015 WL 5836924, at *17 (D. Md. Sept. 30, 2015), *aff'd in part, remanded in part*, 676 F. App'x 207 (4th Cir. 2017). A district court's appellate jurisdiction over orders of a bankruptcy court is established by 28 U.S.C. § 158(a), which provides, in relevant part:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title [for filing a bankruptcy plan]; and
>
> (3) with leave of the court, from other interlocutory orders and decrees.

28 U.S.C. § 158(a).

As a general matter, "the concept of finality in bankruptcy cases has traditionally been applied in a more pragmatic and less technical way . . . than in other situations." *McDow v. Dudley*, 662 F.3d 284, 287 (4th Cir. 2011) (alteration in original) (internal quotation marks omitted) (quoting *In re Comput. Learning Ctrs., Inc.*, 407 F.3d 656, 660 (4th Cir. 2005)). The Fourth Circuit has stated:

> The special or unique reason for this relaxed rule of appealability in bankruptcy is that "[b]ankruptcy cases frequently involve protracted proceedings with many parties participating. To avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization

>is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory."

*A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986) (alteration in original) (quoting *In re Amatex Corp.,* 755 F.2d 1034, 1039 (3d Cir. 1985)). Despite the "more pragmatic and less technical" conception of finality that applies with respect to a bankruptcy appeal, *McDow,* 662 F.3d at 287, "an order must 'conclusively determine[ ] a separable dispute over a creditor's claim or priority,'" in order to be considered final, *In re Urban Broad. Corp.,* 401 F.3d 236, 247 (4th Cir. 2005) (alteration in original) (quoting *In re Saco Local Dev. Corp.,* 711 F.2d 441, 445–46 (1st Cir. 1983)). Thus district courts may therefore review orders in bankruptcy cases "if they finally dispose of discrete disputes within the larger case." *McDow*, 662 F.3d at 287 (quoting *In re Comput. Learning Ctrs.*, 407 F.3d at 660).

Courts have looked to a number of factors in addressing whether a bankruptcy order is final and appealable. These factors include (i) whether the order finally determines or seriously affects a party's substantive rights, or (ii) whether the order will cause irreparable harm to the losing party or waste judicial resources if the appeal is deferred until the conclusion of the bankruptcy case. *In re Swyter*, 263 B.R. 742, 746 (E.D. Va. 2001) (citing *In re Mason*, 709 F.2d 1313, 1316 (9th Cir. 1983)). Other factors courts have considered include: "(1) 'the impact of the matter on the assets of the bankruptcy estate,' (2) 'the preclusive effect of a decision on the merits,' and (3) 'whether the interests of judicial economy will be furthered.'" *In re Marcal Paper Mills, Inc.*, 650 F.3d 311, 314 (3d Cir. 2011) (quoting *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 103 (3d Cir. 1988)).

In the present case, this Court concludes that the bankruptcy court's February 6, 2018 Order is not a "final" order, as defined in 28 U.S.C. § 158(a)(1). To be a "final bankruptcy

5

order," the order need not resolve all issues in the larger proceeding, but it must finally dispose of all issues pertaining to a discrete dispute within the larger proceeding. *McDow*, 662 F.3d at 287. Thus the claim must not only be accepted, it must be valued. Here CFC prematurely removed its claims from the Bankruptcy Court's consideration before the court could enter a final disposition. While the Order sustained Debtors' objections to CFC's claims, it did not finally resolve those claims. Rather, the Court "ordered [CFC] to file its Application for Attorneys' Fees in connection with this case within 14 days." (ECF No. 7-4 at 18.) The Bankruptcy Court has neither received CFC's Application for Attorneys' Fees nor finally determined the amount of attorneys' fees that CFC is allowed in this case.

Nor does consideration of the factors outlined in *In re Swyter*, weigh in favor of finding that the Bankruptcy Court's Order is "final" order. *See* 263 B.R. at 746. First, the Order did not "finally determine[ ] or seriously affect[ ]" CFC's substantive rights. *Id.* The Order did not definitively rule that CFC could not recover 15% attorneys' fees; it simply ordered CFC to file an application for attorneys' fees. (*See* ECF No. 17-4 at 18.) Second, CFC will not suffer irreparable harm if the resolution of this issue is delayed until the Bankruptcy Court concludes its review of CFC's attorneys' fees. *See In re Swyter*, 263 B.R. at 746. Also, judicial resources will be conserved, not wasted, if this matter is considered once the Bankruptcy Court makes its final determination on the amount of attorneys' fees to which CFC is entitled. *See id.* If CFC is ultimately awarded attorneys' fees equaling 15% of its underlying debt or greater, then CFC's appeal would be futile, though such a ruling could very well prompt an appeal by the Debtors. There is also the potential that neither party will be satisfied with the Bankruptcy Court's final ruling on attorneys' fees, likely spawning additional appeals. Because this appeal

will not resolve all issues arising out of the "discrete dispute" of attorneys' fees in this case, the Order is not a "final . . . order[ ]" under 28 U.S.C. § 158(a)(1). *See In re Prudential Lines, Inc.*, 59 F.3d 327, 331 (2d Cir. 1995) (noting that, in order for a bankruptcy court order to be considered final, "it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief" (emphasis omitted) (quoting *In re Integrated Res, Inc.*, 3 F.3d 49, 53 (2d Cir. 1993))). There is simply no reason to piecemeal the resolution of CFC's claims in this way.

The Bankruptcy Court's February 6, 2018 Order is not a "final . . . order[ ]" under 28 U.S.C. § 158(a)(1); therefore, this Court does not have jurisdiction over this appeal. Nor has Appellant sought or been granted leave to appeal the Order as an interlocutory order, pursuant to 28 U.S.C. § 158(a)(3).[3]  (*See* ECF Nos. 1, 10.)

For the reasons stated herein, the Court enters the following:

**[ORDER TO FOLLOW ON NEXT PAGE]**

---

[3] Even if CFC sought leave for this Court to review the Order as an interlocutory order, this case would not be appropriate for an interlocutory appeal. *See Thomas v. Grigsby*, 556 B.R. 714, 720 (D. Md. 2016) (stating that an interlocutory appeal should only be granted if, among other things, an "immediate appeal would materially advance the termination of the litigation" (citing 28 U.S.C. § 1292(b))).

## ORDER

IT IS THEREFORE ORDERED that CFC's appeal, (ECF No. 1), of the Bankruptcy Court's Order is DISMISSED.

IT IS FURTHER ORDERED that CFC's Motion to Strike Supplemental Brief of Appellees, (ECF No. 28), is DENIED without prejudice.

This, the 26th day of June 2019.

/s/ Loretta C. Biggs
United States District Judge